LEMMON, Judge. •
This suit by the seller of immovable property seeks forfeiture of the buyers’ deposit for failure to comply with the agreement to purchase. The trial court rendered a summary judgment dismissing the suit because the seller had failed to tender title, and the seller appealed.
The agreement, dated October 5, 1977, required the act of sale to be passed not later than December 20, 1977 and also contained the following provision:
“In the event the purchaser fails to comply with this agreement within the time specified, the seller shall have the right to declare the deposit, ipso-facto, forfeited, without formality beyond tender of title to purchaser; or the seller may demand specific performance.”
Documentary evidence and the depositions of the seller and his agent established the following undisputed facts: At the buyers’ request the seller prepared and signed a written amendment, extending the time for passing the act of sale to January 15, 1977 and requiring an additional cash deposit, but that amendment was never signed by the buyers. Then, on January 23, 1978 the seller wrote to the buyers stating:
“Under the terms and conditions of this agreement (the October 5 contract), we now notify you that we stand ready, willing and able to deliver title to you anytime between now and January 31, 1978. Failure on your part to abide by this agreement will result in the forfeiture of the cash deposit, together with the reduction to the judgment of the demand note, together with penalties and attorney’s fees”.
The buyers contacted the seller’s agent in response to this letter and, because of inability to pay the down payment at the time, offered to rent the property for six months and to purchase it after the period of rental. The seller agreed, and on January 30, 1978 he sent the buyers a new agreement with certain modifications. When the seller heard nothing further by February 14,1978, he notified the buyers that unless they signed the new agreement he would be “forced to tender title” and proceed to forfeit the deposit under the old contract. The buyers immediately signed and returned the new agreement, but only after deleting some of the modifications, whereupon the seller declared his unwillingness to transact business with these parties, who had by this time kept his property out of commerce for five months. This suit followed.
The buyers moved for a summary judgment based on the facts that no written extension was ever executed and that, in any event, the seller allowed even the extended date for passing the sale to go by without tendering title. On appeal from the summary judgment the seller’s sole assignment of error is that tender of title was not necessary because the buyers had communicated their refusal to take title to seller’s agent.
By the time the buyers communicated to seller’s agent their inability to make the required down payment, the extended deadline for the act of sale had passed. Both parties then regarded the original contract as abandoned and proceeded to negotiate a new agreement, but the ensuing offers and counter offers never ripened into a written bilateral contract.
*525 The trial court properly ruled that the contract fell because of the fault of both parties in not having the act of sale passed by the agreed date and that performance could not thereafter be obtained by the seller on an untimely request. Litvinoff, 7 Louisiana Civil Law Treatise — Obligations, Book 2, § 250 (1975).

AFFIRMED.